# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—APRIL TERM, 1903.

## Howard Shannon v. Axel T. Swanson.

1. APPELLATE COURT PRACTICE—*Where Three Juries Have Found the Same Way.*—Where a cause has been tried by three juries with like results, the Appellate Court will not reverse and remand the case for a new trial, simply because if the matter were submitted to it, it might not reach the same result as did the juries and judges below.

2. INSTRUCTIONS — *Assuming a Question Which the Jury Should Decide.*—An·instruction which assumes the existence of a state of facts which is in issue and is properly the province of the jury to decide, is erroneous.

**Trespass on the Case,** for alienation of wife's affections. Appeal from the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Mr. Presiding Justice HIGBEE dissenting. Opinion filed June 8, 1903.

WILLIAM L. PIERCE and W. C. KELLUM, attorneys for appellant.

CLIFFE & CLIFFE, attorneys for appellee; H. A. JONES, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action to recover damages for the seduction of Swanson's wife. We have reversed two judgments for plaintiff, mainly on the ground the proof did not warrant a verdict for him. (Shannon v. Swanson, 96 Ill. App. 275, and 104 Ill. App. 465.) At the third trial plaintiff had a

(274)

Shannon v. Swanson.

verdict for $1,000, and a judgment thereon, from which defendant appeals.

We refer to our former opinions for the main details of the proof. In some respects the proof at the last trial is additional to or different from that introduced before. Five or six new witnesses testify to statements by defendant about Mrs. Swanson indicative of criminal familiarity with her, made by defendant when he was drunk. Some of these witnesses say they have often heard him make like remarks about other women when he was drunk. Defendant testified he did not remember making these statements about Mrs. Swanson, but he did not distinctly deny them. The proof on both sides now shows that on the Sunday ride by defendant and Mrs. Swanson and the little boy to Blood's Point Cemetery, Park (or Parker) Shannon, a brother of defendant, was taken up on the road and went with them to the cemetery. Defendant's proof now is that Park Shannon went into the cemetery with Mrs. Swanson. Defendant proved that about the time this suit was begun plaintiff also sued Parker Shannon for the seduction of plaintiff's wife, and that in April, 1900, that suit was settled and Parker paid plaintiff $1,000 for a release of that cause of action. The little boy, Harold, was not examined at this trial as to acts of adultery seen by him at Kirkland. He testified more fully than at the second trial as to the adultery at the cemetery, and testified to an act of adultery when defendant reached Mrs. Swanson's new home in Rockford with her household furniture, but he denied that he saw four acts of adultery at Rockford, and denied his mother told him what to testify to at the former trial, and testified that his father had since told him he was mistaken in that testimony and he must correct it at this trial. Park Shannon was a witness at this trial, and testified it was he and not defendant who went into the cemetery with Mrs. Swanson, and that when defendant brought Mrs. Swanson's goods to Rockford he was at her house when the goods arrived, and helped take them into the house, and that defendant did not go into the house at all, and had no

opportunity to commit adultery with Mrs. Swanson at that time. Plaintiff's testimony differed in some details from his testimony on the former trials. With these exceptions the proof was in the main substantially as before.

Three juries have found defendant guilty, and three trial judges have approved a verdict for plaintiff. The proof is now stronger against defendant than before, for some five or six witnesses testify to language used by defendant concerning Mrs. Swanson indicating sexual familiarity with her. True, he was drunk, and this may have been mere drunken boasting, but it is also true drunken men sometimes reveal truths which they conceal when sober. It was for the jury to decide which was the case here. We conclude we ought not to disturb this third verdict for plaintiff upon the facts. (Tri-City Railway Co. v. Brennan, opinion filed by us April 21, 1903.)

We are unable to concur in the contention that if plaintiff sued Parker Shannon for seducing plaintiff's wife, and Parker settled that suit by paying plaintiff $1,000 and obtained from plaintiff a release of that cause of action, such release bars plaintiff from maintaining an action against Howard Shannon for the seduction and carnal knowledge of plaintiff's wife by Howard Shannon. Carnal knowledge of plaintiff's wife by Parker Shannon and carnal knowledge of plaintiff's wife by Howard Shannon are not one act or one wrong, but separate wrongs, and each is liable to plaintiff for the wrong he committed. Defendant did not by any instruction offered present the question whether the proof relating to Parker Shannon was entitled to be considered in mitigation of damages for loss of the wife's society, affection and services.

The instructions requested by defendant were given without modification. Several instructions given at plaintiff's request were somewhat defective. The court gave the following for plaintiff:

"The court instructs you, as a matter of law, as to the circumstances that the plaintiff lives with his wife after knowledge of want of fidelity to his bed is no evidence

that he has forgiven the offenses of the defendant, if any you find from the ·evidence."

This assumed plaintiff's wife had been guilty of a want of fidelity to his bed, which was one of the questions for the jury to decide. It implied that defendant claimed plaintiff had forgiven his offense, whereas he claimed plaintiff and plaintiff's wife were acting in collusion, either to induce defendant to commit adultery with her or to make him appear guilty, and that the fact that plaintiff and his wife began to live together again soon after the first judgment was rendered for plaintiff in this case was a circumstance tending to show collusion. It was improper to give the jury to understand that this proof was introduced to show plaintiff had forgiven defendant. This language was taken bodily from Sanborn v. Neilson, 4 N. H. 501, where defendant had admitted his guilt to the husband, and had made an offer by way of reparation. The language of an opinion should never be framed into an instruction without fitting it to the case and leaving the jury to decide the questions of fact. Nevertheless, from a consideration of all the given instructions, we conclude the jury were not misled, and that the giving of this instruction does not require us to again reverse.

The judgment is therefore affirmed.

Mr. Presiding Justice HIGBEE dissents.